UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

LOVENIA SCOTT,

                Plaintiff,

     v.

GOLDEN STATE FC, LLC, et al.,

                Defendants.

Case No. 21-cv-02147-HSG

**ORDER GRANTING MOTION TO STAY**

Re: Dkt. No. 8

Pending before the Court is Defendants' motion to stay the case pending resolution of an earlier-filed putative employment class action, *Trevino v. Golden State FC, LLC*, Lead Case No. 1:18-cv-00120-DAD (BAM) (E.D. Cal.) ("*Trevino*"). Dkt. Nos. 8 ("Mot"), 16 ("Opp."), 17 ("Reply").[1] Having carefully considered the parties' arguments, the Court **GRANTS** Amazon's motion.[2]

## I.    BACKGROUND

On February 8, 2021, Plaintiff Lovenia Scott filed this action on behalf of herself and a class defined as "[a]ll persons employed by [Amazon] and/or any staffing agencies and/or any other third parties as warehouse employees in hourly or non-exempt positions in California" from February 8, 2017 to present. Compl. ¶ 11. Plaintiff's complaint alleges several violations of California's Labor Code, including failure to provide meal and rest periods, failure to pay hourly wages, failure to indemnify for business expenses, failure to provide accurate written wage statements, failure to timely pay all final wages, sharing of liability with a labor contractor, and unfair competition. Compl. ¶ 1. Amazon removed this action on March 26, 2021. Dkt. 1, Notice

---

[1] The Court refers to the Defendants collectively as "Amazon."
[2] The Court finds this matter appropriate for disposition without oral argument and the matter is deemed submitted. *See* Civil L.R. 7-1(b).

of Removal.

On April 2, 2021, Amazon moved to stay this action pending final resolution of *Trevino*, which was filed in the United States District Court for the Eastern District of California on July 12, 2017.[3] Mot. at 1. The *Trevino* Plaintiffs seek to represent "[a]ll persons who were employed by [Amazon] in California as non-exempt workers" from July 12, 2013 to the date of judgment to be entered by the *Trevino* court. Dkt. No. 9, Ex. A, *Trevino* First Amended Consolidated Complaint ("*Trevino* FACC") ¶ 2. They allege violations of California's Labor Code, including failure to pay wages, failure to provide meal and rest periods, failure to provide accurate wage statements, and unfair competition; they also seek recovery of civil penalties. *See Trevino* FACC ¶¶ 28–83. The *Trevino* court held a class certification hearing on May 12, 2021, and Magistrate Judge Barbara A. McAuliffe issued a findings and recommendations report recommending that *Trevino* Plaintiffs' motion be granted in part and denied in part. *Trevino*, Dkt. No. 166. The matter was referred to District Judge Dale A. Drozd. *Id.*

## II.   LEGAL STANDARD

A district court's "power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). To determine whether a *Landis* stay is warranted, courts consider: (1) "the possible damage which may result from the granting of a stay," (2) "the hardship or inequity which a party may suffer in being required to go forward," and (3) "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962) (citing *Landis*, 299 U.S. at 254–55). "[I]f there is even a fair possibility that the stay for which [the requesting party] prays will work damage to [someone] else," then the party seeking a stay "must make out a clear

---

[3] Amazon filed a request for judicial notice in support of the motion to stay. Dkt. No. 9. Plaintiff filed no opposition. The Court **GRANTS** the entirety of Amazon's request, which concerns public court records filed in the *Trevino* proceeding. *See U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) ("We may take notice of proceedings in other courts, both and without the federal judicial system, if those proceedings have a direct relation to matters at issue.") (internal quotation marks omitted).

case of hardship or inequity in being required to go forward." *Landis*, 299 U.S. at 255. A district court's decision to grant or deny a *Landis* stay is a matter of discretion. *Dependable Highway Express, Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007).

The first-filed rule is an established doctrine that gives district courts discretion to stay proceedings if a case with substantially similar issues and parties was filed previously in another district court. *Kohn Law Grp., Inc. v. Auto Parts Mfg. Miss., Inc.*, 787 F.3d 1237, 1239 (9th Cir. 2015); *In re Bozic*, 888 F.3d 1048, 1051–52 (9th Cir. 2018). The rule is meant to "serve[] the purpose of promoting efficiency well and should not be disregarded lightly." *Alltrade, Inc. v. Uniweld Prods., Inc.*, 946 F.2d 622, 625 (9th Cir. 1991) (alteration in original) (quoting *Church of Scientology of Cal. v. U.S. Dep't of Army*, 611 F.2d 738, 750 (9th Cir. 1979)). The doctrine provides that when "substantially identical actions are proceeding in different courts, the court of the later-filed action should defer to the jurisdiction of the court of the first-filed action by either dismissing, staying, or transferring the later-filed suit." *Molander v. Google LLC*, 473 F. Supp. 3d 1013, 1017 (N.D. Cal. 2020) (citation omitted). "The rule reflects the common-sense proposition that 'when two identical actions are filed in courts of concurrent jurisdiction, the court which first acquired jurisdiction should try the lawsuit.'" *Id.* (citation omitted).

## III.  DISCUSSION

Amazon contends that the overlap between this action and *Trevino* warrants a stay under the first-filed rule or the Court's discretion under *Landis*. Amazon notes that several other cases have been "stayed or dismissed due to overlap with *Trevino*." Mot. at 8 n.2; *see, e.g.*, *Noflin v. Amazon.com.NVDC LLC*, Case No. 8:18-cv-01400 (C.D. Cal. 2018), Dkt. No. 14 (civil minutes noting that court stayed the action and directed joint status reports every 90 days). In opposing any stay, Plaintiff points to factual dissimilarities and the "very real possibility that it will take a long time for *Trevino* to resolve." Opp. at 6–7. Given the significant overlap between the issues and parties in this matter and *Trevino*, the Court exercises its discretion to grant Amazon's motion to stay proceedings pending final resolution of *Trevino*.

### A.  First-Filed Rule

To determine whether the first-filed rule applies, a court analyzes three factors: chronology

3

of the lawsuits, similarity of the parties, and similarity of the issues. *Kohn*, 787 F.3d at 1240. As to the first factor, *Trevino* was filed on July 12, 2017, and Plaintiff filed this action in state court on February 8, 2021. There is no dispute that *Trevino* was filed first.

As to the second factor, the parties are substantially similar in *Trevino* and in this matter. The Court follows the approach of comparing putative classes rather than named plaintiffs in applying the first-filed rule. *See Pedro v. Millennium Prods., Inc.*, 2016 WL 3029681, at *3 (N.D. Cal. 2016) (collecting cases in which district courts in the Ninth Circuit have compared putative classes rather than named Plaintiffs in applying the first-filed rule). Here, the putative classes for the collective actions overlap in that they both seek to represent Amazon employees from February 8, 2017 to present. *Scott* Compl. ¶ 11; *Trevino* FACC ¶ 2. And Amazon is the defendant in both cases. Thus, substantial similarity of the parties is established, satisfying the second factor of the first-filed rule. *See Inherent v. Martindale-Hubbell*, 420 F. Supp. 2d 1093, 1097 (N.D. Cal. 2006)) (noting that the first-to-file rule does not require strict identity of the parties, but rather substantial similarity).

As to the third factor, Plaintiff does not dispute that both cases involve similar claims. Opp. at 1, 4 (noting both cases involve claims for meal break, rest break, and unpaid wages violations). Plaintiff instead argues that the factual dissimilarities between her claims and those in *Trevino* preclude an application of the first-filed rule, but offers no authority to support this position. *See* Opp. at 5. The "central question" presented by each overlapping claim in both cases is the same, which satisfies the second factor. *See Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. Payless Shoesource, Inc.*, 2012 WL 3277222, at *3 (N.D. Cal. Aug. 9, 2012) (*citing Inherent*, 420 F. Supp. 2d at 1099) ("[T]he requirement that the issues in both actions be 'substantially similar' is satisfied even where different claims are advanced in each action, so long as the 'key dispute' in each action is the same."). In *Kohn*, the Ninth Circuit explained that so long as the "heart" of the issues is the same as that of the issues in the first-filed case, the issues are substantially similar enough to satisfy the third factor. 787 F.3d at 1241. Despite factual variations, the "central question" in Plaintiff's meal and rest period claims is substantially similar to the one raised in *Trevino*. For example, both rest period claims seek to address whether Amazon provided adequate

rest periods of at least 10 minutes for every four hours of work. *Compare Trevino* FACC ¶ 48, *with Scott* Compl. ¶ 26. And both meal period claims seek to answer the "central question" of whether Amazon provided adequate meal periods of 30 minutes for every five-hour work period. *Compare Trevino* FACC ¶ 43, *with Scott* Compl. ¶ 20. The meal and rest break claims concern the alleged control of putative class members and require a determination as to the existence and content of Amazon's meal and rest break policies. Additionally, Plaintiff's wage statements claim echoes those in *Trevino*: whether Amazon's statements adequately reflected total hours worked. *Compare Trevino* FACC ¶¶ 56-58, *with Scott* Compl. ¶ 33. Though Plaintiff alleges a claim for reimbursement of business expenses not raised in *Trevino*, this does not alter this Court's analysis due to the substantial similarity between the other issues. *See Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, 2012 WL 3277222, at \*3. Accordingly, the Court finds that a stay is warranted under the first-to-file rule due to the chronology of the actions and the substantial similarity of the parties and issues between this case and *Trevino*.

### B. *Landis* factors

The Court also finds that the *Landis* factors favor a stay. As to the first factor, Amazon argues that Plaintiff will not be harmed by a stay because she seeks only monetary damages and her claims will be resolved by the outcome in *Trevino*. Mot. at 10. To support her claim that she will suffer harm, Plaintiff points to the risk of losing valuable contact information and the likelihood of a "lengthy and indefinite delay" given the Eastern District's docket and resources. Specifically, Plaintiff argues that declarations from or surveys of putative class members are important to wage and hour class actions and that a stay would increase the likelihood that Amazon will lose contact information for putative class members. Opp. at 6. This Court has previously found that speculative claims of an inability to access relevant contact information do not amount to sufficient injury in the context of a *Landis* analysis. *See Hyams v. CVS Health Corp.*, No. 18-CV-06278-HSG, 2020 WL 6891901, at \*1–2 (N.D. Cal. Nov. 24, 2020) (granting stay in putative wage and hour class action despite Plaintiff's speculative argument that unavailability of contact information records presents a plausible injury). And the Court is unpersuaded by Plaintiff's references to the judicial emergency of the Eastern District, as Plaintiff

cites no case law indicating that this Court should speculate about another district court's case load or the speed at which *Trevino* might be resolved.

In challenging Amazon's requested timeline for the stay as "indefinite," Plaintiff notes that the *Trevino* case could involve appellate proceedings and "potentially even further trial proceedings after an appeal." Opp. at 7. Plaintiff relies on the Ninth Circuit's reasoning in *Dependable Highway Express Inc. v. Navigators Ins. Co.* to argue that a stay pending the final resolution of *Trevino* would not be of a "reasonable duration." *See* 498 F.3d at 1066 (holding that a stay pending final resolution of an international arbitration that had not begun in two years did not constitute a stay of "reasonable duration"). The Court is unpersuaded that a stay pending final resolution of an earlier-filed case in another district court encompasses an unreasonable time frame. Additionally, since Plaintiff is not seeking injunctive relief against any ongoing or future harm, the time frame of the stay is reasonable. *See Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1112 (9th Cir. 2005) (finding a fair possibility of harm a fair possibility of harm because the plaintiff sought injunctive relief and monetary damages against an ongoing harm). Accordingly, the Court finds that there is no showing of plausible damage from a stay.

As to the second factor, Amazon contends that it will suffer undue hardship due to "having to unnecessarily litigate a case and expend additional time and money." Mot. at 10 (citing *Bangor Hydro Elec. Co. v. Bridgewell Res.*, LLC, No. CV-10-726-HZ, 2011 WL 13250919, at *3 (D. Or. July 20, 2011)). It notes that this case was filed after the class certification motion in *Trevino* was fully briefed and asserts that "class discovery and motion practice will cover much of the same ground." *Id.* at 10–11. The Court finds these arguments are more relevant to the third factor, and to that end, weigh heavily in favor of a stay. As previously discussed, a substantial amount of the claims in both proceedings involve common legal issues, and what happens in *Trevino* likely could impact the overlapping claims in this case. Accordingly, because a stay will facilitate judicial economy and there is no showing of any plausible damage, the Court **GRANTS** the motion to stay.

## IV. CONCLUSION

The parties shall file a joint statement every 120 days updating the Court on the progress of

the proceedings in *Trevino*. The Court will periodically evaluate the need for and reasonableness of continuing the stay. The parties are also directed to notify the Court within 48 hours of a decision on the pending motion for class certification.

**IT IS SO ORDERED.**

Dated: July 15, 2021

HAYWOOD S. GILLIAM, JR.
United States District Judge